# United States District Court
# Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | SACR16-00029-CJC-4 |
| **Defendant** | Keith Marvel Walton | **Social Security No.** | 7 9 8 3 |
| | Moniker: Green Eyes, Green | | (Last 4 digits) |
| akas: | Also Known As: Keith Marvell Walton, Marvell Walton, Marvell Harriston, Marvell Smith Hariston, Keith Marvell Wahon, Kevin Cook, Keith M. Walton, Kameron Montoya Aiken, Keith Parker | | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 03 | 2018 |

**COUNSEL**  Paul Blake, CJA
(Name of Counsel)

**PLEA**  ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**  ☐ **NOT GUILTY**

**FINDING**  The jury returned a finding/verdict of [ X ] **GUILTY,** on the following offense(s):

1 - Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) as charged in Count 1 of the Third Superseding Indictment;
2 - Interference with Commerce by Robbery; Aiding & Abetting in violation of 18 U.S.C. § 1951(a); 2(a) as charged in Counts 9, 11, and 14 of the Third Superseding Indictment; and
3 - Possess, Use, Carry and Brandish a Firearm in Furtherance of, and During and Relation to, a Crime of Violence; Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2(a) as charged in Count 12 of the Third Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court having asked whether there was any reason why judgment should not be pronounced, and no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

The defendant shall pay to the United States a special assessment of $500, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is further ordered that the defendant shall pay restitution in the total amount of $1,046,565 pursuant to 18 U.S.C. § 3663A.

Defendant shall pay restitution in the total amount of $1,046,565 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of the defendant's gross monthly income, but not less than $100, whichever is greater, shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

With respect to the loss suffered by Westime, the defendant shall be held jointly and severally liable with co-defendants Darrell Cedric Dent, Robert Wesley Johnson, Jameson LaForest, Evan Kwan Scott, and Stanley Irvin Ford III, and co-participant Mychael Craig (Docket No. 16CR-00165-CJC), for the amount of restitution ordered in this judgment. With respect to the loss suffered by Ben Bridge Jeweler (Torrance), the defendant shall be held jointly and severally liable with co-defendants Darrell Cedric Dent, Robert Wesley Johnson, Jameson LaForest, Evan Kwan Scott, and Stanley Irvin Ford III, and co-participants Wilson Elima (Docket No. 16CR-00037-CJC), Michael Germeille, Shane Lewis (SACR16-37), Cornell Stephen (SACR16-37) for the amount of restitution ordered in this judgment. With respect to the loss suffered by Ben Bridge Jeweler (Santa Monica), the defendant shall be held jointly and severally liable with co-defendants Darrell Cedric Dent, Kenneth Paul, and Stanley Irvin Ford III, and co-participants Brandon White and Vincent Haynes and Mariah Marvette Smith (Docket No. 16CR-00327-CJC), for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receives full restitution.

If the defendant makes a partial payment, Westime, Ben Bridge Jeweler, Inc. (Torrance), and Ben Bridge Jeweler, Inc. (Santa Monica), shall receive approximately proportional payment. Pursuant to 18 U.S.C. § 3664(j)(1), Jewelers Mutual Insurance Group shall begin receiving payment only after victims Westime, Ben Bridge Jeweler, Inc. (Torrance), and Ben Bridge Jeweler, Inc. (Santa Monica) have been fully compensated for their losses.

The defendant shall comply with General Order No. 01-05.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Keith Marvel Walton, is hereby committed on Counts 1, 9, 11, 12, and 14 of the Third Superseding Indictment to the custody of the Bureau of Prisons for a term of 660 months. This term consists of 240 months on each of Counts 1, 9, and 11, to be served concurrently; 114 months on Count 14, to be served consecutively to Counts 1, 9, and 11; 6 months on the statutory sentencing enhancement under 18 U.S.C. § 3147, to be served consecutively to Counts 1, 9, 11, and 14; and 300 months on Count 12, to be served consecutively to Counts 1, 9, 11, and 14 and the statutory sentencing enhancement under 18 U.S.C. § 3147.

Pursuant to USSG §5G1.3(a), the full term imposed in this case shall be served consecutively to the undischarged term of imprisonment imposed in United States District Court, Central District of California, Docket No. 15CR-00370-JFW.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years under the following terms and conditions. This term consists of three years on Counts 1, 9, 11, and 14, and five years on Count 12 of the Third Superseding Indictment, all such terms to run concurrently.

1. The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02, with the exception of Standard Conditions 5, 6, and 14 of that Order. Further, the defendant shall comply with the rules and regulations of General Order 01-05, including the three special conditions delineated therein;

2. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall cooperate in the collection of a DNA sample from the defendant;

4. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

5. The defendant may not associate with anyone known to him to be a Crenshaw Manchester Terrorists, Inglewood Family Gangster Bloods, or Inglewood 13 gang member and others known to him to be participants in the Crenshaw Manchester Terrorists, Inglewood Family Gangster Bloods, or Inglewood 13 gangs' criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Crenshaw Manchester Terrorists, Inglewood Family Gangster Bloods, or Inglewood 13 gangs, and may not display any signs or gestures that defendant knows evidence affiliation with the Crenshaw Manchester Terrorists, Inglewood Family Gangster Bloods, or Inglewood 13 gangs;

6. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Crenshaw Manchester Terrorists, Inglewood Family Gangster Bloods, or Inglewood 13 gangs meet and/or assemble; and

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

//
//
//
//
//
//
//
//

| USA vs. Keith Marvel Walton | Docket No.: SACR16-00029-CJC-4 |
|---|---|

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court strongly recommends that the defendant be housed in a facility in either Tucson, Arizona or Marianna, Florida due to security risks. The court also strongly recommends that the defendant should not be housed with members of the Los Angeles Bloods gang or Bloods affiliates.

The Court advised the defendant of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| August 6, 2018 | *(signature)* |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| August 7, 2018 | By | M. Kunig |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| USA vs. | Keith Marvel Walton | Docket No.: | SACR16-00029-CJC-4 |
|---|---|---|---|

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By _____
Date                  Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By _____
Filed Date           Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                _____
         Defendant                       Date

_____                          _____
U. S. Probation Officer/Designated Witness    Date